Filed in Hall District Court
*** EFILED ***
Case Number: D08CI160000015
Transaction ID: 0003220576
Filing Date: 01/05/2016 03:46:30 PM CST

IN THE DISTRICT COURT OF HALL COUNTY, NEBRASKA

| | |
|---|---|
| DANNELL L. SIMMONS, ) | |
| ) | Case No. CI _____ |
| Plaintiff, ) | |
| ) | |
| vs. ) | COMPLAINT |
| ) | |
| EARL MAY SEED & NURSERY, L.C., ) | |
| ) | |
| Defendant. ) | |

COMES NOW Plaintiff, Dannell Simmons, and for her causes of action against Defendant, Early May Seed & Nursery, L.C., states and alleges as follows:

## PARTIES

1. Plaintiff, Dannell Simmons, is a resident of Grand Island, Hall County, Nebraska.

2. Defendant, Early May Seed & Nursery, L.C., is a limited liability company incorporated in the State of Iowa and transacting business in Hall County, Nebraska at its store located at 1604 Diers Avenue in Grand Island, Nebraska.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this case pursuant to Neb. Rev. Stat. § 24-302 because there is an actual and justiciable controversy between the parties to this lawsuit.

4. This Court has personal jurisdiction over Defendant pursuant to Neb. Rev. Stat. § 25-536 because Defendant has transacted business in and supplied services or things within the State of Nebraska. In addition, personal jurisdiction over Defendant complies with the Nebraska and the United States Constitutions.

5. Venue is proper in Hall County pursuant to Neb. Rev. Stat. §25-403.01 because a substantial part of the events that give rise to the above-captioned lawsuit took place in Hall County.

## BACKGROUND

6. In or around March 2010, Defendant agreed to employ Plaintiff as an associate at Defendant's retail store located at 1604 Diers Avenue in Grand Island, Nebraska.

7. Defendant was constructively discharged on or about June 6, 2014.

8. At all times material herein, Plaintiff was an employee of Defendant and Defendant was an employer of Plaintiff under the definitions of the Nebraska Fair Employment Practice Act (FEPA), the Americans with Disabilities Act (ADA), and Title VII of the Civil Rights Acts of 1964 (Title VII). Neb. Rev. Stat. § 48-1102; 42 U.S.C. § 12116; 29 C.F.R. § 1630.2; and 42 U.S.C. § 2000e.

9. At all times material herein, Plaintiff was disabled under the definition of the Nebraska Fair Employment Practice Act and the Americans with Disabilities Act. Neb. Rev. Stat. § 48-1102; 42 U.S.C. § 12116; and 29 C.F.R. § 1630.2.

10. Plaintiff requested accommodations for her disability, which Defendant initially granted. The accommodations included working certain shifts, which were either from 11:00 a.m. to 4:00 p.m. or 12:00 p.m. to 5:00 p.m.

11. Plaintiff complained of sexual harassment by Defendant's store manager in early-April 2014, and Plaintiff was fired shortly thereafter. After Plaintiff hired an

attorney, Defendant investigated the matter, fired the store manager, and rehired Plaintiff on or about April 9, 2014.

12. A week later a new store manager, Travis Smith (Smith), took over managerial duties at the store.

13. Smith was aware of Plaintiff's complaints regarding sexual harassment and the reason for the previous manager's termination.

14. Smith was aware of Plaintiff's disability and the accommodations she had been receiving for her disability.

15. On or around April 23, 2014, Smith requested a new schedule of availability from Plaintiff. Plaintiff gave Smith the same hours of availability reflecting the accommodations Defendant had previously granted her.

16. Smith was unhappy with the hours Defendant listed. He repeatedly argued with Plaintiff over her availability, stated that her hours "were ridiculous," and used profanity to express his disapproval of the accommodations she had been receiving for her disability.

17. Plaintiff began closing at night to try and show some flexibility in spite of her disability. However, Smith said she was not qualified and took away the store keys she had been given two years earlier.

18. Smith granted special accommodations in scheduling to other non-disabled employees who were also associates at the store.

19. On our around June 6, 2014, Smith communicated that he would no longer grant Plaintiff the aforementioned accommodations for her disability.

3

20.     Plaintiff reasonably felt she had no choice but to resign her position, which she did on June 9, 2014.

21.     On September 15, 2014, Plaintiff filed a Charge of Discrimination against Defendant with the Nebraska Equal Opportunity Commission (NEOC).

22.     On October 7, 2015, the NEOC issued an Administrative Dismissal of the Charge of Discrimination. A request for Substantial Weight Review was filed with the federal Equal Employment Opportunity Commission (EEOC) on October 22, 2015.

23.     Plaintiff has satisfied all private, administrative, and judicial prerequisites to commencing this action.

**First Cause of Action – Violation of Nebraska Fair Employment Practice Act**

Plaintiff hereby incorporates paragraphs 1 through 23 of this Complaint.

24.     The State of Nebraska prohibits sexual discrimination and discrimination on the basis of disability in employment.

25.     Plaintiff was discriminated against in violation of Neb. Rev. Stat. § 48-1101, *et seq.* Specifically, Defendant created a work environment which a reasonable person would find hostile and intolerable and which constituted a constructive discharge. Defendant did so in retaliation to Plaintiff asserting her rights under FEPA.

26.     Plaintiff's resignation was a reasonably foreseeable consequence of Defendant's discriminatory actions.

27.     Defendant is not a religious corporation, association, or society.

28. Plaintiff was not employed by a parent, grandparent, spouse, child, or grandchild and was not in the domestic service of any person during her employment with Defendant.

29. Defendant's constructive termination of Plaintiff's employment was a proximate cause of damages to Plaintiff, which damages are more fully set forth below.

### Second Cause of Action – Violation of Public Policy

Plaintiff hereby incorporates paragraphs 1 through 29 of this Complaint.

30. Public policy, set out in Nebraska statute and case law, prohibits Defendant from terminating Plaintiff's employment in retaliation for participating in investigations, or otherwise engaging in protected activities.

31. Plaintiff is a person meant to be protected by the public policy set forth in Paragraph 30 above.

32. Defendant's motivation in terminating Plaintiff's employment violated the public policy set forth in Paragraph 30 above.

33. Defendant's constructive termination of Plaintiff's employment was a proximate cause of damages to Plaintiff, which damages are more fully set forth below.

### Third Cause of Action – Violation of 42 U.S.C. § 1630 & 29 C.F.R. § 1630

Plaintiff hereby incorporates paragraphs 1 through 33 of this Complaint.

34. Plaintiff was discriminated against in violation of 42 U.S.C. § 1630 and 29 C.F.R. § 1630. Specifically, Defendant created a work environment which a reasonable person would find hostile and intolerable and which constituted a constructive discharge.

35.    Defendant knew of Plaintiff's impairments as a result of information provided by Plaintiff.

36.    Plaintiff could have performed the essential functions of an associate at Defendant's store.

37.    In bad faith, Defendant ceased providing reasonable accommodations to allow Plaintiff to perform the duties of an associate despite Plaintiff's efforts and desire to perform those duties.

38.    Defendant's failure to accommodate and termination of Plaintiff's employment was a proximate cause of damages to Plaintiff, which damages are more fully set forth below.

### Fourth Cause of Action – Violation of Title VII of the Civil Rights Act

Plaintiff hereby incorporates paragraphs 1 through 38 of this Complaint.

39.    The matters alleged above constitute a violation of 42 U.S.C. §2000e-3(a) for retaliating against Plaintiff for opposing discriminatory practices in the workplace.

40.    Defendant's retaliation led to the termination of Plaintiff's employment. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress, and other equitable and compensatory damages allowed by the Civil Rights Act of 1964, as amended.

41.    Because Defendant's actions were willful, wanton, or at the very least, in reckless disregard of the Plaintiff's rights, Plaintiff is entitled to all damage as provided by the Civil Rights Act of 1991 and as more fully set forth below.

## Prayer for Relief

WHEREFORE, Plaintiff requests the Court enter judgment in her favor and against Defendant on all of the above causes of action, and specifically requests the following:

42.  Special Damages: Past and future wages, past and future loss of earning capacity, past and future loss of benefits of employment, all fringe benefits lost to date and future, past and future overtime payments, and other compensatory and wage damages as will be proven at trial.

43.  General Damages: Retaliation, humiliation, inconvenience and other general damages

44.  Attorney's Fees and Costs: All reasonable attorney's fees, including contingent attorney's fees, and all costs should be awarded as additional judgment against Defendant.

45.  Other relief: This Court should award other such relief as deemed appropriate, equitable, or just, including interest on any judgment at the highest legal rate.

## Demand for Trial by Jury

Plaintiff hereby demands a trial by jury in the above–captioned matter.

DANNELL L. SIMMONS, Plaintiff

BY    LEININGER, SMITH, JOHNSON, BAACK, PLACZEK & ALLEN
104 N. Wheeler Street
P.O. Box 790
Grand Island, NE 68802-0790
(308) 382-1930
thansen@gilawfirm.com

By    /s/ Tanya J. Hansen
Tanya J. Hansen, #23306

4717-1/558718